0753

Michael K. WHETSTONE, Appellant v. Ronald Owens WHETSTONE, Sr., Diane Venson Whetstone, and Ronald Owens Whetstone, Jr., a minor under fourteen (14) years of age, Respondents.

(346 S. E. (2d) 532)

Court of Appeals

*John H. Hydrick,* West Columbia, *for appellant.*

*Donna K. Holt* and *Gwyn DuBose-Schmitt,* Columbia, *for respondent.*

Heard May 26, 1986.

Decided July 21, 1986.

GARDNER, Judge:

Michael K. Whetstone (the grandfather) instituted this action against his son Ronald Owens Whetstone, Sr., (the father) and Diane Venson Whetstone (the mother) and Ronald Owens Whetstone, Jr., (the grandchild) seeking visitation privileges with the grandchild, who at the time was

about 18 months old. The grandfather's petition also sought to enjoin a pending adoption action; the father and mother had previously consented to the adoption. The appealed order denied visitation privileges to the grandfather for the reason that it was not in the grandchild's best interest and also denied the injunction against the continuance of the adoption proceeding. We dismiss the appeal as being moot.

Section 20-7-2220, Code of Laws of South Carolina (1976) as amended, provides, in effect, that an appeal does not stay an order of the family court regarding a child and that it does not discharge the child from the custody of the court. The grandfather neither petitioned the Supreme Court for a supersedeas and a reinstatement of the previous temporary injunction as to the adoption proceeding nor did he petition petition to intervene in the adoption action. Subsequently, the adoption of the child by unknown parents living in North Carolina was completed.

Section 20-7-1770(a), Code of Laws of South Carolina (1976), as amended, provides:

> (a) After the final decree of adoption is entered, the relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person adopting such child and the kindred of the adoptive parents. From the date the final decree of adoption is entered, the adopted child shall be considered a natural child of the adopting parents for all inheritance purposes, both by and from such child, to the exclusion of the natural or blood parents or *kin of such child.* . . . [Emphasis ours.]

Since the grandfather failed to intervene in the adoption proceeding and failed to petition the Supreme Court for an order of supersedeas, we hold that the final adoption decree effectively mooted the issue presented to this court; this appeal is, therefore, dismissed. And it is so ordered.

Dismissed.

GOOLSBY, J., concurs.

CURETON, J., concurs in result only.